Judgment reversed and new trial ordered, with costs to appellant to abide the event.

---

### NEW YORK TELEPHONE CO. v. BARNES.

(Supreme Court, Appellate Term.    November 30, 1903.)

1. AGENCY—GENERAL AGENT—IMPLIED AUTHORITY—RENTING TELEPHONE.

   The "general manager" of a retail drug store has authority to bind his principal by a contract for the renting of a telephone for the store.

2. SAME—AGENT—AUTHORITY—CONTRACT—CONSTRUCTION.

   The proprietor of a retail drug store made another general manager of the business, and thereafter they made a contract whereby the latter agreed that all merchandise ordered and delivered to the store after a certain date should be paid for by him and no liability incurred by the former, but that all prior indebtedness should be paid by the former, and that the former party should have the right to discharge the latter and cancel the agreement.    Held not to affect the authority of the latter party as "general manager" to bind the former by a contract renting a telephone for the store.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the New York Telephone Company against Hollis M. Barnes. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Milan Day Barnes, for appellant.
John H. Cahill, for respondent.

BLANCHARD, J. The complaint in this action alleged that the plaintiff, a domestic corporation, entered into a contract with the defendant, to install and maintain at No. 1650 Madison avenue, borough of Manhattan and city of New York, a telephone station, and to furnish telephone services, which services were duly performed, and that the amount due for such services was unpaid. The defendant denied each and every allegation except that the plaintiff was incorporated. On the trial the defendant admitted that the plaintiff rendered the services, and that the amount of plaintiff's bill was correct, but denied that the person who signed the contract with plaintiff had any authority or power to bind the defendant. The contract in question was dated June 5, 1902, and went into operation on the 3d of July, 1902. On the part of the subscriber for the telephone services it was signed, "H. M. Barnes & Co., per C. E. Purdy." The defendant denies that Purdy had any authority to make the contract, or any power to bind him in any way. It appears in the evidence that the defendant had owned and conducted a certain drug store for a number of years at No. 1650 Madison avenue, in the borough of Manhattan and city of New York, under the name of H. M. Barnes & Co., and on the 11th day of December, 1901, entered into an agreement concerning it with one Charles Edwin Purdy, which agreement was in some respects modified by a further agreement between the same parties dated May 1, 1902. Both of these agreements are in evidence, and the question of defendant's liability turns upon the proper construction of those two agreements taken and considered together as a single instrument.

The first of the agreements in terms makes Purdy "the general manager of the said business." As such he doubtless had the authority and power to make the contract binding upon the defendant, and it is not necessary to cite authorities in support of that contention. We must therefore look to the second agreement to ascertain and determine whether or not it modified the clear and explicit provision of the first agreement, wherein the defendant made Purdy the manager of the business. After several recitals, this second agreement provides that "from and after the first day of May, 1902, the party of the second part [Purdy] agrees that all goods, wares and merchandise ordered and delivered" to the store in question "shall be paid for by the party of the second part in cash on delivery, and no account for any goods, wares or merchandise, or supplies of any kind, shall be entered into with any business house, individual, firm or corporation, and no liability incurred by the party of the first

part [the defendant]. It being intended that the party of the first part shall be relieved from all liability to the trade for goods, wares and merchandise, or supplies of any kind, sold and delivered to and for the use of or sale at the said uptown store after May 1st, 1902." The indebtedness incurred previous to that time the defendant agreed to pay. This second agreement does not modify, either in terms or by implication, the provision in the first agreement, whereby the defendant made Purdy the general manager of the business, but rather confirms it, wherein it states that upon certain specific circumstances "the party of the first part shall have the right to discharge the party of the second from his employment and cancel the aforesaid agreement, dated December 11th, 1902."

We think, therefore, that Purdy had authority to bind the defendant by the contract made with the plaintiff, and that the judgment should be affirmed.

Judgment affirmed, with costs. All concur.